[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13066

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VANDA MAURICE GILMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:13-cr-00137-TFM-N-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Vanda Gilmore appeals his sentence of 57 months of imprisonment imposed upon revocation of his supervised release. 18 U.S.C. § 3583(e). Gilmore argues for the first time on appeal that the district court plainly erred in considering hearsay testimony to make a clearly erroneous factual finding and that it procedurally erred by relying on that fact at sentencing. He also argues that his sentence is substantively unreasonable. We affirm.

In 2013, Gilmore was convicted for possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and using or carrying a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c), and sentenced to a total 87 months of imprisonment followed by five years of supervised release. The district court later granted his motion for a sentence reduction, *id.* § 3582(e)(2), and reduced his sentence by six months.

In September 2022, three years after Gilmore began his term of supervised release, he was charged with violating conditions of his supervision by committing new criminal offenses of possessing and distributing crack cocaine to a confidential informant on April 1, 2021, and for committing new criminal offenses on September 8, 2022, by attempting to elude a police officer, possessing a controlled substance, possessing marijuana, tampering with physical evidence, improper light coloring, driving with a suspended

license, reckless endangerment, reckless driving, and possessing controlled substances. The revocation petition stated that in September 2022, a police officer tried to stop a car with a broken taillight, but the driver ran stop signs, drove twice the speed limit in a residential area, and then ran, leaving his car rolling at an intersection. The officer saw the man, later identified as Gilmore, throw clear plastic bags on the ground. The officer followed Gilmore over a fence and, when he landed, felt a "pop" in his knee that left him unable to stand. Officers recovered substances believed to be crack cocaine, marijuana, and acetaminophen/hydrocodone.

Gilmore waived a final revocation hearing as to the September 2022 violations but asserted that he did not commit the April 2021 offense of distributing a controlled substance to the confidential informant, which was the only Grade A violation. His guidelines sentencing range was 46 to 57 months of imprisonment.

At the final revocation hearing, his probation officer confirmed that the only contested violation was based on the distribution offense in April 2021. Detective Jaylun Robinson with the Mobile Police Department testified about the controlled buy. After a confidential informant informed the police department that Gilmore "was selling illegal substances," Robinson arranged a controlled buy. Robinson was familiar with the confidential informant based on the informant's past work with the department. He found the informant to be a reliable and credible source of information, and the informant's previous controlled buys always went

according to plan and protocol. He declined to reveal the informant's identity because doing so might endanger the informant.

Robinson testified that on the day of the controlled buy, officers followed the standard protocol by searching the informant before the controlled buy and providing the informant with a prerecorded $20 bill. Robinson watched the informant drive to the location, but he could not see the transaction. The informant returned with "a white rocklike substance which was consistent to crack cocaine" that he purchased from a man known as "Bullet." Robinson's co-case agent, Detective Hunter, "had information that Bullet was the alias of [] Gilmore." The informant confirmed that the person who sold him the drugs matched Gilmore's mugshot, and a state forensic lab determined that the substance was crack cocaine. A grand jury no-billed the charge for distributing a controlled substance. Gilmore did not object to Robinson's testimony.

The district court found that the government proved by a preponderance of the evidence that Gilmore committed the violations charged in the petition and sentenced him to 57 months of imprisonment with no supervised release to follow. The district court explained that it found "the totality of [his] behavior" troubling based on his probation officer's testimony about his poor conduct and demeanor under supervision and the circumstances of his September 2022 violations during which he "ran away from the police and in that flight [] put several people and property at risk and ultimately an officer was hurt in the pursuit of" him. After Gilmore stated that he was not a "bad person," the district court explained

that it did not believe Gilmore was a bad person but that it found that he "committed crimes" and violated his supervision. Gilmore objected that the record did not support the finding that he committed the Grade A violation.

We review the reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). One way a district court abuses its discretion is if it selects a sentence based on clearly erroneous findings of fact. *See United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). A finding of fact is clearly erroneous only when we are "left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors, gives weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). Although we review a ruling on the admissibility of evidence for abuse of discretion, *United States v. Wilk*, 572 F.3d 1229, 1234 (11th Cir. 2009), our review is for plain error only when a defendant fails to object on that basis, *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).

Gilmore argues that the district court plainly erred in considering Robinson's hearsay testimony without conducting the balancing test in *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994), and that it clearly erred in finding that Gilmore committed

the Grade A violation. He argues that this clearly erroneous finding of fact renders his sentence procedurally unreasonable. We disagree.

The district court did not plainly err in considering Robinson's testimony about the controlled buy without *sua sponte* conducting a *Frazier* inquiry. *See id.* By failing to object to Robinson's testimony on hearsay grounds, he failed to trigger the obligation of the district court to "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* (holding that, after the defendant raised a contemporaneous hearsay objection, the district court erred by failing to assess the reliability of hearsay testimony and the government's cause for not producing the witness). Gilmore points to no law requiring the district court to conduct *sua sponte* an inquiry under *Frazier* absent a contemporaneous objection to the testimony, so the district court did not plainly err by failing to do so. *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).

The finding that Gilmore violated his supervision by distributing crack cocaine to the confidential informant was not clearly erroneous. Robinson testified that the police department received information that Gilmore was selling controlled substances in the area. Robinson testified about the confidential informant's reliability and adherence to protocol. He explained that on the day of the controlled buy, the informant was searched and provided a prerecorded $20 bill according to protocol, and he watched the informant drive to the location and return with a substance determined to

be crack cocaine. The informant identified the seller as "Bullet," and Robinson's co-case agent had information that "Bullet" was Gilmore's alias. The informant then identified Gilmore's mugshot as depicting the individual who sold him crack cocaine. We are not left with the "definite and firm conviction" that the district court clearly erred in finding that a preponderance of the evidence established that Gilmore sold crack cocaine to the informant. *Rodriguez-Lopez*, 363 F.3d at 1137. And the Guidelines provide that the district court could find that Gilmore violated his supervision by committing the new offense regardless of whether he was prosecuted for the new offense. *See* United States Sentencing Guidelines Manual § 7B1.1, cmt. n.1 (Nov. 2021). Gilmore's sentence is procedurally reasonable.

Gilmore's sentence also is substantively reasonable. The district court considered the statutory sentencing factors, 18 U.S.C. § 3553(a). It explained its concern about the repeated nature of Gilmore's "troubling" behavior and drug violations, the probation officer's report about his conduct and demeanor, and the undisputed fact that the September 2022 violations involved fleeing from police and an officer being injured. It considered Gilmore's history and characteristics and the need to provide just punishment for the instant violations and promote respect for the law. *See id.* Although Gilmore argues that the district court relied too heavily on the Grade A violation, nothing required the district court to weigh other factors more heavily. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

8                          Opinion of the Court                    23-13066

We **AFFIRM** Gilmore's sentence.